UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK JONES, #223008

        Petitioner,

v.                                     CIVIL CASE NO. 09-13610
                                       HONORABLE STEPHEN J. MURPHY, III

WARDEN DAVIS,

        Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE COURT
OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

I.  Introduction

    Petitioner Mark Jones has filed a *pro se* habeas corpus petition, which challenges the execution of Jones' sentence for possession of a firearm during the commission of a felony.  Jones contends that he was sentenced to two years in prison on November 10, 1993, and finished serving his sentence on November 10, 1995.  Although he also was sentenced to imprisonment for fifteen to forty years as a habitual offender, he maintains that the habitual offender sentence is void because there can be no separate conviction and sentence as a habitual offender.

    Jones challenged the same conviction and sentence in a prior habeas corpus petition. Former United States District Judge (now Circuit Judge) David W. McKeague denied the petition because the claims were procedurally defaulted.  *See Jones v. Hofbauer*, No. 2:99-cv-158 (W.D. Mich. Feb. 4, 2002).  Jones subsequently applied for leave to file a second or successive habeas petition, but the United States Court of Appeals for the Sixth Circuit denied his request.  *See In re Jones,* No. 04-1768 (6th Cir. Dec. 2,

2004). Jones filed the pending habeas corpus petition on September 14, 2009.

II. Discussion

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Although Jones filed his habeas petition under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254, "section 2244(b) applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment." *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006), *cert. denied*, 549 U.S. 1353 (2007). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the Court of Appeals, the district court must transfer the case to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

Jones has not obtained permission from the Court of Appeals to file another habeas corpus petition challenging the same conviction and sentence. Accordingly, the Clerk of the Court is **ORDERED** to transfer this case to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.

---

[1] Section 1631 provides in pertinent part that:

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

       s/Stephen J. Murphy, III
       STEPHEN J. MURPHY, III
       United States District Judge

Dated: December 23, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 23, 2009, by electronic and/or ordinary mail.

       s/Alissa Greer
       Case Manager